UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
KEITH LETTLEY,

      Petitioner,

  - against -                                MEMORANDUM & ORDER
                                                      01-CV-5812

JAMES L. WALSH, Superintendent,
Sullivan Correctional Facility,

      Respondent.
------------------------------------------------------X
GARAUFIS, United States District Judge.

      Petitioner Keith Lettley has moved by letter dated November 23, 2004 for leave to amend his habeas petition to add a claim that his trial counsel provided ineffective assistance in the form of "erroneous and inaccurate advice concerning the calculation of the petitiner's [sic] maximum sentencing exposure upon a conviction."  Nov. 23, 2004 Lttr. (Docket Entry # 49) at 4.  For the reasons set forth below, Lettley's application is denied.

      The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, provides, in relevant part, that a prisoner must file a federal habeas corpus petition challenging a state court judgment of conviction within one year of the date the judgment becomes final.  28 U.S.C. § 2244(d)(1)(A).  Lettley's conviction became final on March 28, 2000, when his time to file a petition for a writ of certiorari with the United States Supreme Court expired.  He then timely filed his original habeas petition before the one-year statute of limitations imposed by AEDPA expired on March 28, 2001.

      Lettley's motion for leave to amend his petition is denied because his proposed amendment would only have the effect of adding a claim that would have to be dismissed as

1

time-barred because Lettley's one-year window to file his habeas claims closed long ago, and because Lettley's original petition did not put the respondent on notice of his belated ineffective assistance of counsel claim.

As noted above, Lettley's time to file his habeas claims expired over four years ago. His latest claim therefore can be considered timely under AEDPA only if it "relates back" to the original complaint within the meaning of Fed. R. Civ. P. 15(c), which governs motions to amend which are brought after the relevant statute of limitations has expired. Rule 15(c) provides in relevant part: "An amendment of a pleading relates back to the date of the original pleading when . . . (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." In determining whether a claim arises out of the same conduct or occurrence as those set forth in the original pleading, "[t]he pertinent inquiry . . . is whether the original complaint gave the defendant fair notice of the newly alleged claims." Fama v. Comm. of Corr. Servs., 235 F.3d 804, 815 (2d Cir. 2000) (quoting Wilson v. Fairchild Republic Co., 143 F.3d 733, 738 (2d Cir. 1998)).

Lettley's original habeas petition raises three claims: (1) that his right to a fair trial was violated when the trial court empaneled a prospective juror despite his trial counsel's attempt to exercise a peremptory challenge, as well as when the court upheld the prosecutor's use of peremptory challenges against a Batson challenge; (2) that his right to a fair trial was violated when the trial court failed to disqualify a juror who during the trial expressed concern about four individuals who he had seen enter the courtroom; and (3) that he was denied his right to be present during his criminal proceeding when, after the jury had rendered its verdict, the trial

judge met with the members of the jury outside the presence of the defendant and his trial counsel.

These original claims are completely unrelated to Lettley's new claim that his trial counsel miscalculated the sentence that he could face if convicted, and thus failed to put the respondent on notice of the claim that Lettley now seeks to append to his original petition. Accordingly, Lettley's new claim does not related back to his original claims, and would be time-barred if he were be permitted to amend his petition to add this claim. I therefore deny Lettley's motion for leave to amend the complaint on the ground that the proposed amendment would be futile. See Foman v. Davis, 371 U.S. 178, 182 (1962).

SO ORDERED.

Dated: September 16, 2005 _____/s/_____
      Brooklyn, NY                                   Nicholas G. Garaufis
                                                        United States District Judge