D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
KEITH LETTLEY,

                Petitioner,

      - against -

JAMES J. WALSH, Superintendent, Sullivan
Correctional Facility,

                Respondent.
------------------------------------------------------------X

**MEMORANDUM & ORDER**
01-CV-5812 (NGG) (LB)

NICHOLAS G. GARAUFIS, United States District Judge.

On December 20, 2007, Magistrate Judge Lois Bloom issued a Report and Recommendation ("R&R") in which she recommended that pro se Petitioner Keith Lettley's ("Lettley") petition for habeas corpus be denied. (R&R (Docket Entry # 56).) Now before me are Lettley's objections to the R&R, familiarity with which is assumed. (Objections (Docket Entry # 59).)

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. Rule 72(b) the court conducts a *de novo* review of those portions of the R&R to which Lettley has objected. Lettley has waived his right to further judicial review of those portions of the R&R to which he has not timely objected. Mario v. P & C Food Mkts., Inc., 313 F.3d 758, 766 (2d Cir. 2002).[1]

I.    **LETTLEY'S OBJECTIONS**

    A.    **Lettley's Juror Partiality Claim**

Lettley's first claim in his Petition is that he was denied a fair trial when the trial judge

---

[1] The court has reviewed those portions of the R&R to which Lettley has not objected and finds them to be thorough, well-reasoned, and well-founded in applicable law. See Urena v. New York, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (where no timely objection has been made, the "court need only satisfy itself that there is no clear error on the face of the record").

failed to disqualify a juror who expressed concern about four menacing individuals present in the courtroom during the trial. Judge Bloom recommended that this claim be denied because the trial judge properly allowed the juror to continue to serve after he determined and stated on the record that (1) the juror's trepidation was occasioned by his lack of knowledge that the courtroom was open to the public and (2) that the juror would be able to be a fair and impartial juror. In his Objections, Lettley relates a series of communications with a private investigator who, although retained to interview this juror, was never able to do so. Lettley appears to be implying that the juror was too scared to meet with his retained private investigator and therefore by extension was intimidated during his trial.

The handling of possible juror partiality "is entrusted to the sound discretion of the trial court." United States v. Thai, 29 F.3d 785, 803 (2d Cir. 1994). Lettley's highly speculative argument that a juror was intimidated during his trial is insufficient to disturb the trial judge's sound exercise of his discretion in determining that the juror in question was not biased against the defendant. As stated by Judge Bloom, this juror was questioned in open court in the parties' presence and repeatedly assured the trial judge of his ability to serve as a fair and impartial juror. A private investigator's subsequent inability to interview a juror in no way suggests that the trial judge's determination of impartiality was in error.

### B. Lettley's Claim of Denial of Sixth Amendment Right

Lettley claimed in his Petition that he was denied his Sixth Amendment Right to counsel when the trial judge held a colloquy with jurors outside the presence of defendant's counsel. This colloquy occurred after the jury issued its verdict of guilty and after Lettley had physically attacked the prosecutor in the jury's presence. In this colloquy, the trial judge noted that he had

2

just discovered that a juror thought he or she was being followed during a lunch recess during the trial. The trial judge never notified defense counsel of this juror's concerns.

Lettley appears to be arguing that his defense counsel should have been present during this colloquy, or at least should have been informed of the juror's concerns. This argument is without merit. First, it is was not improper for the judge to talk to the jurors outside the presence of defense counsel. See United States v. Chang An-Lo, 851 F.2d 547, 559 (2d Cir. 1988) (the trial court has wide discretion in determining how to pursue an inquiry into the effects of extra-record information upon a jury, and it is not error for the judge to question jurors ex parte). Moreover, the handling of possible juror partiality misconduct is "entrusted to the sound discretion of the trial court," see Thai, 29 F.3d at 803, and it was not contrary to or an unreasonable application of clearly established federal law for the trial judge to exercise that discretion by declining to inform defense counsel of a juror's speculative concern that came to the court's attention after the verdict and after the jurors were made fearful and apprehensive by the violent conduct of Lettley in open court. See 28 U.S.C. § 2254.

### C.   Lettley's Batson Claim

Lettley claimed in his Petition that the trial judge incorrectly granted the prosecutor's Batson challenge to an effort by Lettley's attorney to dismiss a white potential juror on the grounds that the juror had assumed that a person who had mugged her, whom she had never seen, was black. Lettley challenges the sufficiency of the trial judge's rulings as to the credibility of his attorney's proferred explanation for seeking to dismiss the white juror. After having the white juror's responses to questioning read back, the trial judge noted that, read fairly and in context, the white juror had testified that she in fact had seen her attacker. The trial judge

3

therefore concluded that Lettley's challenge, as it was based on a misrepresentation of the juror's testimony, was pretextual. (Tr. 1365-1382).

In determining whether to grant a Batson challenge to another party's proposed peremptory strike, the trial judge must ultimately determine, based on all the facts and circumstances, whether an attorney had discriminatory intent. See Jordan v. Lefevre, 206 F.3d 196, 200 (2d Cir. 2000).

Having reviewed the transcript, the court agrees with Judge Bloom that the trial judge's rulings as to the credibility of Lettley's attorney's stated reason for the challenge and as to her motivation for the challenge were well-supported by the record and therefore not improper.

## II. CONCLUSION

For the reasons stated above, Lettley's objections to the R&R are denied. The R&R is adopted in its entirety, and Lettley's application for a writ of habeas corpus is therefore denied. As Lettley has not made a substantial showing of the denial of any constitutional right, no certificate of appealability shall issue. Pursuant to 28 U.S.C. § 1915(a), in forma pauperis status is denied for the purposes of any appeal. The Clerk of Court is directed to close this case.

SO ORDERED

Date: August 26, 2008
Brooklyn, N.Y.

s/Nicholas G. Garaufis

NICHOLAS G. GARAUFIS
United States District Judge